IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSE QUINCY COLLINS, JR.                                                    PLAINTIFF

v.                                         Civil No. 6:18-CV-06028

SHERIFF MIKE CASH, CHIEF DEPUTY                                          DEFENDANTS
RICHARD TOLLISON, ADMINISTRATOR
KEN FAIN, and ASSISTANT
ADMINISTRATOR T.J. BURNETT (Hot
Spring County Jail)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on March 27, 2018. (ECF No. 1). He Filed a Motion to Amend with his Complaint (ECF No. 6), which was refiled as a Supplement on March 28, 2018. (ECF No. 9). Plaintiff alleges his constitutional rights were violated by Defendants during his incarceration in the Hot Spring County Jail. Plaintiff alleges he is indigent and Defendants denied him two stamped envelopes a week. He further alleges that there is no commissary in the jail where he could buy stamps or envelopes. (ECF No. 1 at 4). Plaintiff alleges he was informed by a jailer that the jail

1

would no longer provide stamped envelopes for indigent inmates; instead they would need to have family provide them. (ECF No. 1 at 4). Plaintiff alleges the lack of stamped envelopes prevented him from contacting his family and his attorney.[1] (ECF No. 1 at 6).

Plaintiff alleges Defendants placed an inmate with tuberculosis in Plaintiff's pod instead of quarantining him. (ECF No. 1 at 7; 9 at 3). He alleges that the jail did not have tuberculosis lights, and, as a result, he and other inmates in the pod became ill. He alleges he asked to be tested for tuberculosis but has not received any testing. (ECF No. 1 at 6-7). Plaintiff alleges he was in the facility in 2011 or 2012, and there were no tuberculosis lights at that time either. (ECF No. 1 at 6).

Plaintiff alleges Defendants denied him "fresh air exercise or recreation." (ECF No. 1 at 7). He alleges the jail violated his right to go outside every day. (ECF No. 1 at 7). Plaintiff alleges that the denial of fresh air outdoors has caused him headaches, nausea, breathing problems, muscle aches, and bone aches. (ECF Nos. 1 at 7; 9 at 4).

Plaintiff proceeds against all Defendants for all claims in their personal and official capacities. (ECF No. 1 at 4, 6, 7). Plaintiff seeks compensatory and punitive damages. He further asks that the facility "fix everything." (ECF No. 1 at 8).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does

---

[1] The Court notes that Plaintiff was able to mail the Complaint for this case. He did not indicate where he received the postage to do so.

not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Outdoor Exercise

Plaintiff's allegation that he was denied his right to go outdoors for "fresh air exercise or recreation" fails to state a plausible claim. A constitutional violation can exist if prison officials are deliberately indifferent to an inmate's exercise needs. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Id.* Here, Plaintiff did not allege that he was denied exercise; only that he was denied the ability to go outdoors for his exercise. Plaintiff therefore failed to state a plausible denial of exercise claim.

#### B. Indigent Mail Privileges and Tuberculosis Lights

Plaintiff's personal capacity claims for complete denial of indigent mail privileges, and for exposure to tuberculosis without tuberculosis lights are subject to dismissal. His official capacity claims on these issues, however, are sufficient to survive screening.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

### 1. Personal Capacity

A personal capacity claim for deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper*, 130 F.3d at 1314 ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)).

In other words, Defendants cannot be held liable merely because they hold a supervisory position at the facility, or because they are employed at the facility. Because Plaintiff provided no information as to how any of the named Defendants were personally involved with, or causally linked to, the alleged violation of his indigent mail privileges or the lack of tuberculosis lights, his personal capacity claims are on these issues are subject to dismissal.

4

### 2. Official Capacity

#### a. Complete Denial of Indigent Mail Privileges

Plaintiff's alleges that the jail no longer provides stamped envelopes to indigent prisoners, that there is no commissary to purchase them, and that he was told by a jailer that he must rely on family for stamped envelopes. He alleges this has prevented him from contacting his family and his attorney. Thus, Plaintiff's allegations support an inference that the facility has a custom or policy which results in the complete denial of indigent mail privileges. Plaintiff's allegations are therefore sufficient to state a plausible official capacity claim for violation of his First Amendment rights.

Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). The Eighth Circuit has held that there is no right to unlimited free postage for legal mail, and no right to free postage for non-legal mail. *Blaise v. Fenn*, 48 F.3d 337, 339 (8th Cir. 1995); *Herschberger v. Scaletta*, 33 F.3d 955, 957 (8th Cir. 1994); *Kaestel v. Lockhart*, 746 F.2d 1323, 1325 (8th Cir. 1984). The reasoning in these cases, however, relied in part on the fact that the indigent plaintiffs had access to alternative sources for postage within the facility. *See Blaise*, 48 F.3d at 339-40 (inmates were provided an allowance each month which could be used for postage); *Herschberger*, 33 F.3d at 957 n.4 (inmates could receive free postage for personal mail through their prison counselor); *Kaestel*, 746 F.2d at 1325 (inmates could receive postage assistance through the state chaplains' fund).

Here, Plaintiff has alleged that he was denied indigent mail privileges and was told he must rely on sources outside the facility for stamped envelopes. He has therefore alleged sufficient facts to survive screening on this claim.

### b. Lack of Tuberculosis Lights

Plaintiff alleges he was housed with an inmate who had tuberculosis, there were no tuberculosis lights, he became ill, and he was then denied any testing to determine if he had contracted tuberculosis. He further alleges he had been in the facility in prior years and there were no tuberculosis lights at that time either. Thus, Plaintiff's allegations support an inference that the facility has a custom or policy of failing to install tuberculosis lights to prevent the spread of the disease. These allegations are sufficient to state an official capacity claim sufficient to survive screening.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). Correctional officers have an affirmative obligation to protect inmates from infectious disease. *Jolly v. Coughlin*, 76 F.3d 468, 477 (2nd Cir.1996). *See also*, *DeGidio v. Pung*, 920 F.2d 525, 528–533 (8th Cir.1990) (holding that prison officials' reckless response to tuberculosis outbreak amounted to deliberate indifference in violation of the Eighth Amendment); *Langley v. Guthry*, Case No. 3:10CV00073WRWJJV, 2010 WL 1961254, at *2 (E.D. Ark. Apr. 30, 2010) (inmate's allegation that he contracted tuberculosis after being housed with an infected inmate sufficient to proceed past the screening process). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff's allegations that he was exposed to tuberculosis, that there were no tuberculosis lights to prevent the spread of the disease, that he became ill, and that he was then denied medical testing for the disease is sufficient to survive screening.

## IV.  CONCLUSION

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), I recommend that Plaintiff's personal and official capacity claims for denial of outdoor exercise, and his personal capacity claims for denial of indigent mail privileges, and for exposure to tuberculosis without tuberculosis lights be DISMISSED WITHOUT PREJUDICE.  I recommend Plaintiff's official capacity claims for denial of indigent mail privileges, and for exposure to tuberculosis without tuberculosis lights remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2018.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE