IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSE QUINCY COLLINS, JR.                                                    PLAINTIFF

v.                              Civil No. 6:18-CV-06028

SHERIFF MIKE CASH, CHIEF DEPUTY                                              DEFENDANTS
RICHARD TOLLISON, ADMINISTRATOR
KEN FAIN, AND ASSISTANT
ADMINISTRATOR T.J. BURNETT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. (ECF Nos. 20, 21, 22).

## I. BACKGROUND

Plaintiff filed his Complaint on March 27, 2018. (ECF No. 1). He filed a Motion to Amend with his Complaint (ECF No. 6), which was refiled as a Supplement on March 28, 2018. (ECF No. 9). Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Cummins Unit. Plaintiff alleges his constitutional rights were violated by Defendants during his incarceration in the Hot Spring County Jail ("HSCJ").

After PLRA pre-service screening, two of Plaintiff's official capacity claims remain for consideration. (ECF Nos. 10 and 11.). First, Plaintiff alleges he is indigent and was denied access to the mail. Specifically, he claims Defendants denied him two stamped envelopes a week. He

1

further alleges that there is no commissary in the jail where he could buy stamps or envelopes. (ECF No. 1 at 4). Plaintiff alleges he was informed by a jailer that the jail would no longer provide stamped envelopes for indigent inmates; instead they would need to have family provide them. (ECF No. 1 at 4). Plaintiff alleges the lack of stamped envelopes prevented him from contacting his family and his attorney.[1] (ECF No. 1 at 6).

Second, Plaintiff alleges Defendants placed an inmate with tuberculosis in Plaintiff's pod instead of quarantining him. (ECF No. 1 at 7; 9 at 3). He alleges that the jail did not have tuberculosis lights, and, as a result, he and other inmates in the pod became ill. He alleges he asked to be tested for tuberculosis but has not received any testing. (ECF No. 1 at 6-7). Plaintiff alleges he was in the facility in 2011 or 2012, and there were no tuberculosis lights at that time either. (ECF No. 1 at 6).

Plaintiff seeks compensatory and punitive damages, and further asks that the facility "fix everything." (ECF No. 1 at 8).

Defendants filed their Summary Judgment Motion on January 10, 2019. (ECF Nos. 20, 21, 22). On January 11, 2019, the Court entered an Order directing Plaintiff to file a Response to the Motion. (ECF No. 23). Plaintiff sought, and received, an extension to file his Response on February 1, 2019. (ECF Nos. 26, 27). To date, Plaintiff has not filed his Response, and has not otherwise communicated with the Court.

The Court must consider the facts set forth in Plaintiff's verified Complaint in ruling on the Summary Judgment Motion. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001).

---

[1] The Court notes that Plaintiff was able to mail the Complaint for this case. He did not indicate where he received the postage to do so.

As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id.* The Court will "piece[] together [Plaintiff's] version of the facts from the verified complaint. . . ." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016). Those portions of the Defendants' statement of material facts that do not conflict with [Plaintiff's verified complaint] are deemed admitted." (*Id.*).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "Conclusory, non-specific statements in an affidavit or verified complaint" are also insufficient. *McLanahan*, 2016 WL 520983, at *6 (citing *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). "When opposing parties tell two different stories,

3

one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In this case, the facts set forth by the Defendants are deemed admitted except to the extent contradicted by the verified complaint. The question is whether given the facts as pieced together by the Court, there are genuine issues of material fact as to whether Plaintiff's constitutional rights were violated.

### III.  ANALYSIS

Defendants argue summary judgment in their favor is appropriate because: (1) Plaintiff had access to mail upon request in HSCJ; and (2) Plaintiff did not file any grievances concerning his alleged exposure to infectious disease, and suffered no injury resulting from any alleged exposure to tuberculosis in HSCJ. (ECF No. 21 at 4-7).

Plaintiff has two official capacity claims remaining against Defendants: (1) that HSCJ had a custom or policy of completely denying mail privileges to indigent prisoners (2) that he was exposed to tuberculosis because HSCJ did not have tuberculosis lights in the facility. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their

duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

### A. Denial of Mail Privileges

Plaintiff's allegation that HSCJ has a custom or policy which results in the complete denial of indigent prisoner mail privileges is contradicted by the summary judgment record.

Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). The Eighth Circuit has held that there is no right to unlimited free postage for legal mail, and no right to free postage for non-legal mail. *Blaise v. Fenn*, 48 F.3d 337, 339 (8th Cir. 1995); *Herschberger v. Scaletta*, 33 F.3d 955, 957 (8th Cir. 1994); *Kaestel v. Lockhart*, 746 F.2d 1323, 1325 (8th Cir. 1984). The reasoning in these cases, however, relied in part on the fact that the indigent plaintiffs had access to alternative sources for postage within the facility. *See Blaise*, 48 F.3d at 339-40 (inmates were provided an allowance each month which could be used for postage); *Herschberger*, 33 F.3d at 957 n.4 (inmates could receive free postage for personal mail through their prison counselor); *Kaestel*, 746 F.2d at 1325 (inmates could receive postage assistance through the state chaplains' fund).

Here, the summary judgment record indicates that the facility did not have a policy of denying indigent prisoners mail privileges. To the contrary, the policy expressly states that indigent prisoners will be provided with writing materials and postage for two letters per week. The provision is not limited to legal mail. (ECF No. 22-2 at 2). Plaintiff was informed of this

policy in writing on March 19, 2018, when he filed a grievance about indigent mail. (ECF No. 22-3 at 1). The provision of two free mailings per week to indigent prisoners more than satisfies constitutional standards. *See Smith v. Erickson,* 961 F.2d 1387, 1388 (8th Cir.1992) (policy of providing indigents with one free mailing per week for legal correspondence satisfies constitutional standards). Thus, there is no summary judgment evidence, even considering his verified complaint, to demonstrate that HSCJ had a policy or custom of denying mail privileges to indigent prisoners.

There is no genuine issue of material fact concerning Plaintiff's allegations that he was completely denied mail privileges because he was indigent, and Defendants are entitled to summary judgment as a matter of law.

### B. Exposure to Tuberculosis

Plaintiff's alleges there was a policy or custom of the HSCJ that resulted in him being exposed to tuberculosis and he was injured by that exposure. Specifically, he alleges there were no tuberculosis lights to prevent the spread of the disease, that he became ill, and that he was then denied medical testing for tuberculosis are also contradicted by the record.

Other than Plaintiff's bare allegations in his Complaint, there is no evidence in the summary judgment record that Plaintiff was exposed to tuberculosis, contracted tuberculosis, or even complained of an ordinary cough while he was incarcerated in HSCJ. Despite filing fourteen other grievances, he did not file a single grievance concerning illness or exposure to infectious disease. (ECF No. 22-3). Nor is there any allegation or any summary judgment evidence that he sought treatment for a cough or any other illness. (ECF No. 21 at 6). Finally, Plaintiff failed to make any allegation or provide any summary judgment evidence that he was diagnosed with tuberculosis or any other lung ailment when he was transferred to the ADC. Vague and conclusory statements that Plaintiff was exposed to tuberculosis and became ill are insufficient to raise a

6

question of material fact concerning his alleged exposure to tuberculosis at HSCJ. *See McLanahan*, 2016 WL 520983, at *6 (citing *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). ("Conclusory, non-specific statements in an affidavit or verified complaint" are insufficient to survive summary judgment.). Thus, there is no summary judgment evidence, even considering his verified complaint, to demonstrate Plaintiff was exposed to or injured by tuberculosis, and certainly no summary judgment evidence the HSCJ had a policy or custom of unconstitutionally exposing prisoners to tuberculosis.

There is no genuine issue of material fact concerning Plaintiff's allegations that he was exposed to tuberculosis without tuberculosis lights, and Defendants are entitled to summary judgment as a matter of law.

## IV.  CONCLUSION

Accordingly, I recommend that Defendants' Motion for Summary Judgment (ECF No. 20) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **2nd day of July 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE