IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSE QUINCY COLLINS, JR.                                                                PLAINTIFF

v.                                           Civil No. 6:18-cv-6028

SHERRIFF MIKE CASH, *et al.*                                                          DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 13, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 28). Judge Bryant recommends that the Court grant Defendants' motion for summary judgment and that Plaintiff Jesse Quincy Collins, Jr.'s remaining claims should be dismissed with prejudice. Plaintiff has filed objections to the Report and Recommendation. (ECF No. 29). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On March 27, 2018, Plaintiff filed this case pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated in the Hot Spring County Jail ("HSCJ"). After pre-service screening, two official capacity claims remained against Defendants. First, Plaintiff claims that Defendants denied him access to the mail by refusing to give him two stamped envelopes a week and requiring that his family provide him stamps and envelopes. Second, Plaintiff claims that the HSCJ does not have tuberculosis lights, that he was placed in a pod with an inmate with tuberculosis and, subsequently, that he and other inmates became ill.

On January 10, 2019, Defendants filed a motion for summary judgment. Judge Bryant ordered Plaintiff to respond to Defendants' motion but, despite receiving an extension of time to do so, Plaintiff did not file a response. On July 2, 2019, Judge Bryant issued the instant Report and Recommendation, finding that no genuine dispute of material fact exists as to either of Plaintiff's claims. Accordingly, Judge Bryant recommends that the Court grant Defendants' summary judgment motion and dismiss this case with prejudice. On July 12, 2019, Plaintiff filed objections.

## II. DISCUSSION

When reviewing a Report and Recommendation, "the specific standard of review depends, in the first instance, upon whether or not a party has objected." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

As an initial matter, the Court believes that Plaintiff's objections do not warrant *de novo* review because he failed to respond to Defendants' summary judgment motion. A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). "[T]he purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the

trial court." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). To hold otherwise would effectively give a party "two opportunities for judicial review." *Id.* As noted above, Plaintiff failed to respond to Defendants' summary judgment motion and his objections do not address or explain why he did not respond. Thus, the arguments contained in his objections were not first presented to Judge Bryant for consideration. Moreover, Plaintiff's objections are unresponsive to the Report and Recommendation and are largely repetitive of the allegations made in his complaint, thereby making them insufficiently specific.[1] *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (stating that *de novo* review is not triggered by "general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations"); *Meyer v. Haeg*, No. 15-cv-2564 (SRN/HB), 2016 WL 6916797, at *2 (D. Minn. Nov. 21, 2016). Therefore, the Court finds that the objections should not trigger *de novo* review.

However, keeping in mind the spirit of liberality with which courts treat *pro se* litigants, the Court will nonetheless examine Plaintiff's objections. Construing the objections liberally, the Court finds for the following reasons that Plaintiff offers neither mistake of fact nor law to warrant departing from Judge Bryant's recommendation. The Court will separately address Plaintiff's objections to Judge Bryant's findings on each of his claims.

---

[1] Plaintiff's objections also request that the Court give him an attorney for this case. To the extent that this may be construed as a motion for appointment of counsel, the Court finds that the motion should be denied. A *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *See Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). When determining whether to appoint counsel for an indigent civil litigant, courts consider relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986). Judge Bryant previously denied a motion by Plaintiff for appointment of counsel in this case, finding that the claims at issue do not appear legally or factually complex, and that he is adequately prosecuting this case at this time. The Court agrees with this prior finding and, thus, Plaintiff's motion for appointment of counsel is hereby denied.

### A. Objections for Mail-Related Claim

Judge Bryant found that there was no genuine issue of material fact as to Plaintiff's claim that HSCJ has a custom or policy which results in the complete denial of mail privileges to indigent inmates. Plaintiff objects, arguing that he was indigent and that guards at the HSCJ told him that his family had to bring stamped envelopes for him to use. Plaintiff states further that he provided the Court with an affidavit listing the names of inmates who were incarcerated with him and who could verify his claim. Plaintiff asks that the Court contact those inmates for confirmation.

The Court is unpersuaded by this objection. As Judge Bryant noted, although inmates have a First Amendment right to send and receive mail, there is no right to unlimited free postage for legal mail and no right to free postage for non-legal mail. *See Blaise v. Fenn*, 48 F.3d 337, 339 (8th Cir. 1995). Judge Bryant found that the HSCJ does not have a policy of denying mail privileges to indigent prisoners but, rather, has a policy expressly providing that indigent prisoners may receive writing materials and postage for two letters per week. Plaintiff provides no evidence to the contrary, save for the allegations in his verified complaint that he was refused postage for two letters per week.

Although verified complaints are treated as affidavits for summary judgment purposes, *Roberson v. Hayti Police Dep't*. 241 F.3d 992, 994-995 (8th Cir. 2001), the Eighth Circuit has instructed that "a properly supported motion for summary judgment is not defeated by self-serving affidavits." *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006). Thus, Plaintiff's self-serving allegations from his verified complaint are insufficient to create a triable issue of material fact and there is no other probative evidence in the record from which the Court can find a genuine dispute

of material fact as to this claim.² Accordingly, the Court agrees with Judge Bryant that summary judgment is proper as to Plaintiff's mail-related claim.

**B. Objections for Tuberculosis Claim**

Plaintiff also objects to Judge Bryant's recommendation that summary judgment is proper as to his claim that HSCJ exposed him to tuberculosis. Plaintiff's objections argue that Defendants exposed him to tuberculosis when they placed him and others in a pod with an inmate who had tuberculosis. Plaintiff also asks the Court to order the HSCJ to affirmatively state if and when tuberculosis lights were installed in the HSCJ.³

The Court agrees with Judge Bryant that summary judgment is proper as to this claim. Plaintiff's tuberculosis-related claim is governed by the Eighth Amendment deliberate indifference standard. *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). Under this standard, Plaintiff must satisfy both an objective component and a subjective component. For the objective component, Plaintiff must show he was exposed to "inmates with active [tuberculosis] cases in a manner that created an unreasonable risk of serious harm to his health." *Id.* For the subjective component, Plaintiff must show that the jail "actually knew of and recklessly disregarded this substantial risk of serious harm." *Id.*

---

² The Court notes that Plaintiff asks that the Court to contact the prisoners listed in the affidavit attached to his complaint to confirm his allegations. First, the "affidavit" attached to Plaintiff's complaint is not notarized and does not bear attestation language, so it is neither an affidavit nor an unsworn declaration. *See Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir. 2008) (outlining the requirements for a valid affidavit and unsworn declaration). Thus, the "affidavit" has no evidentiary value because it is not an affidavit at all. However, even if the list of names was a valid affidavit, "[d]eference to a *pro se* party does not require that the court assume the role of advocate for the *pro se* litigant." *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *16 (D. Minn. Sept. 23, 2015). Plaintiff, not the Court, bears the burden to conduct discovery and produce evidence to withstand summary judgment. The Court cannot investigate Plaintiff's claims or produce evidence on Plaintiff's behalf. Thus, the Court cannot contact the listed individuals for Plaintiff.

³ As stated above, the Court cannot conduct discovery on Plaintiff's behalf. Thus, the remainder of this order will not address this request.

5

As Judge Bryant stated, there is no evidence in the summary judgment record, save for Plaintiff's self-serving allegations in his verified complaint, that he was exposed to tuberculosis, that he contracted tuberculosis, or that he requested medical treatment for tuberculosis.[4] Plaintiff has not even alleged that he contracted tuberculosis, but merely that he and other inmates got "sick" after sharing a pod with an inmate who allegedly had tuberculosis. Plaintiff has also not produced evidence showing that Defendants "actually knew of and recklessly disregarded" a substantial risk of exposing Plaintiff to tuberculosis. Thus, there is no probative evidence in the record from which the Court can find a genuine dispute of material fact. Accordingly, the Court agrees with Judge Bryant that summary judgment is proper as to this claim.

### III. CONCLUSION

For the above stated reasons and upon *de novo* review, the Court finds that Plaintiff has offered neither fact nor law to warrant departure from Judge Bryant's recommendations. Accordingly, the Court adopts the Report and Recommendation (ECF No. 28) *in toto*. Defendants' motion for summary judgment (ECF No. 20) is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] Judge Bryant also notes that Plaintiff does not appear to have filed any grievances related to tuberculosis, which leaves the Court with the impression that Plaintiff may not have exhausted his administrative remedies as to this claim before filing this case. However, Judge Bryant makes no finding or recommendation related to exhaustion of administrative remedies and, thus, the Court will not deliberate further on that issue.